EXHIBIT B

| **CITATION** – PERSONAL SERVICE – TRCP 99 |
| --- |

# THE STATE OF TEXAS
## 2023-DCL-02473-A

| | | |
| --- | --- | --- |
| Florentino Rios | § | IN THE 107TH DISTRICT COURT |
| VS | § | OF |
| Space Exploration Technologies Corp. | § | CAMERON COUNTY, TEXAS |
| ("SpaceX") | | |

TO    **Space Exploration Technologies Corp. ("SpaceX")**
**By Serving its Registered Agent Corporation Service Company**
**d/b/a CSC- Lawyers Incorporating Service Company**
**211 East 7th Street Suite 620**
**Austin TX  78701-3218**

*DELIVERED*
*BY: ___ 5 / 19 / 2023*
*___ PSC: 2114*
*ATX Process, LLC*

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to **Rule 202 Verified Petition to Take Deposition on Written Questions Before Suit** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 107th District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Rule 202 Verified Petition to Take Deposition on Written Questions Before Suit** was filed in said court on **May 16, 2023**, in the above entitled cause.

2023-DCL-02473-A                                    In Re Florentino Rios

The nature of Petitioner's demand is fully shown by a true and correct copy of **Rule 202 Verified Petition to Take Deposition on Written Questions Before Suit** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 18th day of May, 2023.

ATTORNEY:
**Richard A. Hinojosa**
**24068885**
**713-884-1663**
**3904 Brandt Street**
**Houston TX  77006**



**Laura Perez-Reyes**
District Clerk of Cameron County
974 E Harrison St.
Brownsville, Texas 78520

By: _____
**Elizabeth Camacho, Deputy Clerk**

| 2023-DCL-02473-A<br>107th District Court | In Re Florentino Rios |
|---|---|

## RETURN OF SERVICE

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20_____.

NAME/ADDRESS FOR SERVICE

_____

_____

_____

_____Officer

_____County, TX

By:_____Deputy

## OFFICERS RETURN

Came to hand on the _____ day of _____, at _____o'clock ___m and _____ County, Texas,
by delivering to each of the within named defendants in person, a true copy of this _____ with
the date of delivery endorsed thereon, together with the accompanying copy of the _____ at
the following times and places, to wit:

| NAME | DATE/TIME | PLACE/COURSE/DISTANCE FROM COURTHOUSE |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s),_____
The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

FEES:
SERVING PETITION/COPY $_____
TOTAL:                $_____

_____Officer
_____County, TX

By:_____Deputy

_____
AFFIANT

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the
return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable or
the clerk of the court, the return shall be signed under penalty or perjury and contain the following statement:
"My name is _____, my date of birth is _____, my address is
_____
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED in _____ County, State of _____, on the _____ day of _____. 20_____.

_____
ID Number/Expiration of Certification

_____
Declarant/Authorized Process Server

EXHIBIT B
FILED - 5/16/2023 3:19 PM
2023-DCL-02473 / 75695482
LAURA PEREZ-REYES
Cameron County District Clerk
By Elizabeth  Camacho Deputy Clerk

2023-DCL-02473

Case No._____

| | | |
|---|---|---|
| IN RE | § | IN THE DISTRICT COURT OF |
| FLORENTINO RIOS | | |
| | § | |
| Petitioner. | § | CAMERON COUNTY, TEXAS |
| | §Cameron County - 107th District Court | |
| | § | ___th JUDICIAL DISTRICT |

## RULE 202 VERIFIED PETITION TO TAKE DEPOSITION ON WRITTEN QUESTIONS BEFORE SUIT

TO THE HONORABLE JUDGE OF SAID DISTRICT COURT:

Petitioner Florentino Rios petitions to take a deposition on written questions to investigate a potential claim in an anticipated suit under Texas Rule of Civil Procedure 202.

### I.    INTRODUCTION

1.    Petitioner is a Texas resident. He may be reached through his counsel of record..

2.    Petitioner seeks to depose Space Exploration Technologies Corp. ("SpaceX"), a foreign corporation registered to do business in the State of Texas. Respondent may be served with service of process through its registered agent for service Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company located at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Petitioner requests a citation.

### II.    BACKGROUND

3.    To investigate his personal injury claim, Petitioner seeks SpaceX's response to the attached deposition on written questions ("DWQ"), *see* **Exhibit A**.

4.    On June 30, 2021, Mr. Rios was catastrophically injured by a crane operator at SpaceX's jobsite in Brownsville, Texas. On or about June 30, 2021, Petitioner was working in the course and scope of his employment with CCC Group, Inc., on a construction site owned, overseen, and controlled by SpaceX. While Petitioner was assisting in the moving of a steel beam using a "come along" tool to hold the beam, Crane Operator, who was operating Crane

Company's crane, negligently and without warning caused the beam to move, which snapped and broke the tool. The identity of the Crane Operator, Crane Company, and any other entities present at the jobsite is unknown. Mr. Rios seeks a response to his attached DWQ that provides the names of the crane operator, the crane operator's employer, and any other entity present at the jobsite on June 30, 2021.

5.    The anticipated suit's subject matter is Petitioner's damages flowing from his personal injuries sustained at SpaceX's jobsite.

6.    SpaceX has an interest adverse to that of Petitioner's in his anticipated lawsuit.

7.    Petitioner expects that Crane Operator and Crane Company will have an interest adverse to that of Petitioner's in his anticipated lawsuit.

8.    Petitioner believes that any other entity present at the jobsite may (but will not necessarily) have an interest adverse to that of Petitioner's in his anticipated lawsuit.

9.    This petition is filed in Cameron County, Texas, where the anticipated suit may lie since Cameron County is where the incident giving rise to the anticipated suit took place.

10.    As the facts giving rise to the claim occurred in Cameron County, this Court has jurisdiction over both the anticipated lawsuit and the requested deponent.

11.    This 202 proceeding is not a claim. And so it cannot be removed to federal court. *See Texas v. Real Parties in Int.*, 259 F.3d 387, 394 (5th Cir. 2001) (Rule 202 proceeding is not removable); *Mayfield-George v. Texas Rehab Comm'n*, 197 F.R.D. 280, 283 (N.D. Tex. 2000) (Rule 202 proceeding is not a "civil action" under 28 U.S.C. § 1441(b) because it does not assert a claim on which relief can be granted; "It is a request for discovery, nothing more."). *See also Gutierrez v. City of Port Isabel*, No. 1:20-CV-201, 2021 WL 1320749, at *4 (S.D. Tex. Mar. 16, 2021) ("The Court declines Respondents' invitation to either oversee a state-created procedural mechanism or find that original jurisdiction exists because discovery might lead to the filing of a potential federal claim."); *In re Johnson*, No. 3:13-CV-00231, 2013 WL 4459021, at *2 (S.D. Tex.

Aug. 15, 2013) ("Federal district courts in Texas have found diversity jurisdiction lacking over removed Rule 202 petitions for a number of reasons."). If this case is removed, Petitioner will move for fees and costs under 28 U.S.C. § 1447(c) because removal here would be objectively unreasonable. *Contra Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

### III.   REQUEST TO DEPOSE

12.   Petitioner asks this Court to issue an order authorizing him to examine a corporate representative of SpaceX by DWQ.

13.   Petitioner expects to elicit the following testimony from SpaceX: the identities of the Crane Operator, the Crane Company, and any other entities on the SpaceX jobsite on June 30, 2021.

14.   Petitioner needs to depose SpaceX because it is the only party known to Petitioner with knowledge of these unknown identities.

15.   The requested deposition may prevent a failure or delay of justice in an anticipated suit by determining the identity of tortfeasor(s) involved in Petitioner's nascent personal injury claim before expiration of the statute of limitations.

16.   The likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the deposition, as SpaceX employs or employed a person who tortiously harmed Petitioner.

17.   After service of this petition and notice, Rule 202.3(a) requires that the Court hold a hearing on the petition.

For these reasons, petitioner asks the Court to set this petition for hearing and, after the hearing, to order the deposition of Space Exploration Technologies Corp.

Respectfully submitted,

/s/ *Richard A. Hinojosa*
Richard A. Hinojosa
State Bar No. 24068885
Charles M. Stam
State Bar No. 24106462
HINOJOSA LAW PLLC
3904 Brandt Street
Houston, Texas 77006
Telephone: 713.884.1663
Fax: 713.422.2493
Email: richardhinojosa@hinojosalaw.com
Email: cstam@hinojosalaw.com
Email: e-service@hinojosalaw.com

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Andrea Hodges on behalf of Charles Stam
Bar No. 24106462
ahodges@hinojosalaw.com
Envelope ID: 75695482
Filing Code Description: Petition
Filing Description: Rule 202 Verified Petition to Take Deposition on
Written Questions Before Suit
Status as of 5/17/2023 5:47 PM CST

Associated Case Party: Florentino Rios

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Hinojosa Law | | e-service@hinojosalaw.com | 5/16/2023 3:19:40 PM | SENT |
| Richard Hinojosa | | richardhinojosa@hinojosalaw.com | 5/16/2023 3:19:40 PM | SENT |
| Charles Stam | | cstam@hinojosalaw.com | 5/16/2023 3:19:40 PM | SENT |
| Andrea Hodges | | ahodges@hinojosalaw.com | 5/16/2023 3:19:40 PM | SENT |

# EXHIBIT A

EXHIBIT B
FILED - 5/16/2023 5:39 PM
2023-DCL-02473 / 75695482
LAURA PEREZ-REYES
Cameron County District Clerk
By Elizabeth  Camacho Deputy Clerk

2023-DCL-02473
Case No._____

| | | |
|---|---|---|
| IN RE | § | IN THE DISTRICT COURT OF |
| FLORENTINO RIOS | | |
| | § | |
| | | |
| Petitioner. | § | CAMERON COUNTY, TEXAS |
| | | |
| | §Cameron County - 107th District Court | |
| | | |
| | § | ____th JUDICIAL DISTRICT |

## SUBPOENA FOR DEPOSITION BY WRITTEN QUESTIONS

TO:   ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OR OTHER PERSON
AUTHORIZED TO SERVE SUBPOENAS AS PROVIDED IN RULE 176 OF THE
TEXAS RULES OF CIVIL PROCEDURE

**YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON THE
FOLLOWING WITNESS:**

**ADDRESS:**

**Space Exploration Technologies Corp. ("SpaceX")**
**2715 Boca Chica Blvd, Ste 3 #911**
**Brownsville Texas 78521**
**956.739.1989**

**AGENT FOR SERVICE:**

**Corporation Service Company d/b/a CSC - Lawyers
Incorporating Service Company**
**211 East 7th Street, Suite 620**
**Austin, Texas 78701**

to appear, with reasonable notice, before a Notary Public of my designation to give testimony at
9:00 am on June 23, 2023, until discharged in the above-styled and numbered Rule 202 suit now
pending in said Court.  You are further ordered to answer certain written questions to be
propounded to the witness and to bring and produce for inspection and photocopying the
following certified documents:

**Jobsite** shall refer to the SpaceX property located at or about 52448-54298 Boca
Chica Blvd., Brownsville, Texas, 78521 wherein Florentino Rios suffered injuries
on June 30, 2021.

# EXHIBIT A

**Incident** shall refer to the event(s) that caused Florentino Rios to suffer injuries from a crane, believed to be red and manufactured by Fagioli, on June 30, 2021, on the SpaceX jobsite.

1. All incident reports, witness statements, or investigative documents related to the Incident; and
2. A list of all contractors working at the SpaceX jobsite on the date of incident.

**Contempt.   Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement or both.  TEX. R. CIV. P. 176.8(a).**

DO NOT FAIL to return the writ to the designated Judicial District Court of Cameron County, Texas with the attached officer's return showing the manner of execution or the witness's signed memorandum showing that the witness accepted the subpoena.

ISSUED on this 16th day of May 2023.

*[signature block on next page]*

# EXHIBIT A

Respectfully submitted,

*/s/ Richard A. Hinojosa*
Richard A. Hinojosa
State Bar No. 24068885
Charles M. Stam
State Bar No. 24106462
HINOJOSA LAW PLLC
3904 Brandt Street
Houston, Texas 77006
Telephone: 713.884.1663
Fax: 713.422.2493
Email: richardhinojosa@hinojosalaw.com
Email: cstam@hinojosalaw.com
Email: e-service@hinojosalaw.com

**ATTORNEYS FOR PETITIONER**

# EXHIBIT A

Case No._____

| | | |
|---|---|---|
| IN RE<br>FLORENTINO RIOS | § | IN THE DISTRICT COURT OF |
| | § | |
| Petitioner. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | _____th JUDICIAL DISTRICT |

## DEPOSITION BY WRITTEN QUESTIONS

1.    Please state your full name and occupation:

Answer: _____

2.    Please state by whom you are employed and the business address.

Answer: _____

3.    What is the title of your position or job?

Answer: _____

4.    Are you the custodian of records for Space Exploration Technologies Corp.?

Answer: _____

5.    In your capacity as custodian of records for Space Exploration Technologies Corp., are you familiar with whether Space Exploration Technologies Corp. maintains records of its business activities?

Answer: _____

# EXHIBIT A

6.     Are the records of Space Exploration Technologies Corp. kept under your care, supervision, custody, or control?

Answer: _____

7.     Please identify the crane operator who injured Florentino Rios on June 30, 2021, on the jobsite of Space Exploration Technologies Corp.

Answer: _____

8.     Please identify the employer of the crane operator who injured Florentino Rios on June 30, 2021, on the jobsite of Space Exploration Technologies Corp.

Answer: _____

9.     Please identify any other entity present on Space Exploration Technologies Corp.'s jobsite on June 30, 2021 besides Mr. Rios (and his employer as well as fellow servants), anyone from Space Exploration Technologies Corp, and anyone affiliated with the entity provided in response to question No. 8 above.

Answer: _____

EXHIBIT A

Custodian of Records

Space Exploration Technologies Corp.

Before me, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2023.

_____

NOTARY PUBLIC

My Commission Expires_____

FILED
6/5/2023 3:25 PM
2023-DCL-02473 / 76477084
LAURA PEREZ-REYES
Cameron County District Clerk
By Vilma Garcia Deputy Clerk

CASE NO. 2023-DCL-02473

| | |
|---|---|
| FLORENTINO RIOS | IN THE DISTRICT COURT OF |
| V. | |
| SPACE EXPLORATION TECHNOLOGIES CORP. | CAMERON COUNTY, TEXAS |
| | 107TH JUDICIAL DISTRICT |

**DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION TO ABATE; OR, IN THE ALTERNATIVE, ORIGINAL ANSWER AND DENIAL**

Defendant Space Exploration Technologies Corp. files its motion to abate; or, in the alterative, original answer and denial and in support whereof, would show as follows:

**MOTION TO ABATE**

1.      This case should be abated because Plaintiff Florentino Rios filed an earlier lawsuit pending in the U.S. District Court of the Southern District of Texas – Brownsville; Case No. 1:23-cv-00075 (and as described below, the "Federal Lawsuit") concerning the same subject matter and operative facts as this case.  Plaintiff filed the Federal Lawsuit on May 9, 2023.  *See Exhibit 1.* Plaintiff filed the petition in the instant case on May 16, 2023. Abatement of this case is proper pending the full adjudication of the Federal Lawsuit. The Federal Lawsuit and the instant case relate to Plaintiff's alleged injuries arising out of an alleged incident involving a crane.

2.      "As a rule, when cases involving the same subject matter are brought in different courts, the court with the first-filed case . . . should proceed, and the other cases should abate." *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001).  The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974).  As a result, when two suits are inherently interrelated, "a plea in abatement in the second action **must** be granted." *In re J.B.*

1

*Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016).  This case and the Federal Lawsuit are inherently interrelated as they both have the same operative facts.

3.      The obvious reasons for abatement are echoed in Texas Supreme Court precedent throughout the years. Abating a later suit in favor of the first-filed suit conserves judicial resources, avoids delay, and provides for "comity, convenience, and the necessity for an orderly procedure in the trial of contested issues." *See Perry*, 66 S.W.3d at 252.

4.      Here, abatement is proper because (i) the Federal Lawsuit was commenced first; (ii) arises out of the same operative facts; (iii) involves the same subject matter as this lawsuit; and, (iv) are inherently interrelated.

5.      **The Federal Lawsuit was Commenced First**.  The Federal Lawsuit was filed on May 9, 2023.  *See Exhibit 1.*  Plaintiff filed the petition in the instant case on May 16, 2023. Abatement of this lawsuit is proper pending the full adjudication of the Federal Lawsuit. Therefore, the Federal Lawsuit was commenced first and prior to this case.  *See, e.g.*, *Grimes v. Harris*, 695 S.W.2d 648, 651 (Tex. App.—Dallas 1985, orig. proceeding).

6.      **Both Cases Involve the Same Subject Matter.** The Federal Lawsuit involves the same underlying dispute as this proceeding.  The Federal Lawsuit and this case both involve Plaintiff's alleged injury arising out of an alleged incident involving a crane.

### DEFENDANT'S ORIGINAL ANSWER AND DENIAL

7.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation in Plaintiff's Petition and demands strict proof thereof in accordance with the laws of the State of Texas.

EXHIBIT B

## PRAYER

8.      For these reasons, Defendant Space Exploration Technologies Corp. prays that the

Court abate Plaintiff's lawsuit pending resolution of Case No. 1:23-cv-00075; *Rios v. Space*

*Exploration Technologies Corp. et al*, in the U.S. District Court of the Southern District of Texas

– Brownsville and that Defendant be granted all other relief which it may show themselves to be

justly entitled.

<div style="margin-left: 40%;">

Respectfully submitted,
By: */ s / David Oubre*
David A. Oubre
Attorney-In-Charge
Texas Bar No. 00784704
david.oubre@lewisbrisbois.com
Zach Carrabine
Texas Bar No. 24116169
zach.carrabine@lewisbrisbois.com

</div>

OF COUNSEL:
LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
Attorneys for Defendant

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this the 9th day of June, 2023.

Richard A. Hinojosa
State Bar No. 24068885
Charles M. Stam
State Bar No. 24106462
Hinojosa Law PLLC
3904 Brandt Street
Houston, Texas 77006
Telephone: 713.884.1663
Fax: 713.422.2493
Email: richardhinoiosa@hinojosalaw.com
Email: cstam@hinojosalaw.com
Email: e-service@hinojosalaw.com

*David A. Oubre*
**DAVID A. OUBRE**

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kathy Truong on behalf of David Oubre
Bar No. 784704
Kathy.Truong@lewisbrisbois.com
Envelope ID: 76477084
Filing Code Description: Motion (No Fee)
Filing Description: Defendant's Motion to Abate; or, in the Alternative, Original Answer and Denial
Status as of 6/9/2023 4:09 PM CST

Associated Case Party: Florentino Rios

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Hinojosa Law | | e-service@hinojosalaw.com | 6/9/2023 3:25:26 PM | SENT |
| Richard Hinojosa | | richardhinojosa@hinojosalaw.com | 6/9/2023 3:25:26 PM | SENT |
| Charles Stam | | cstam@hinojosalaw.com | 6/9/2023 3:25:26 PM | SENT |
| Andrea Hodges | | ahodges@hinojosalaw.com | 6/9/2023 3:25:26 PM | SENT |

Associated Case Party: Space Exploration Technologies Corp. ("SpaceX")

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kathy Truong | | Kathy.Truong@lewisbrisbois.com | 6/9/2023 3:25:26 PM | SENT |
| David Oubre | | David.Oubre@lewisbrisbois.com | 6/9/2023 3:25:26 PM | SENT |
| Zachary Carrabine | | zach.carrabine@lewisbrisbois.com | 6/9/2023 3:25:26 PM | SENT |
| Dawn Garrard | | Dawn.Garrard@lewisbrisbois.com | 6/9/2023 3:25:26 PM | SENT |

Case 1:23-cv-00088 Document 1-3 Filed on 06/12/23 in TXSD Page 19 of 35
EXHIBIT B
Case 1:23-cv-00075 Document 2 Filed on 05/09/23 in TXSD Page 1 of 2

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Texas

|  |  |  |
|---|---|---|
| FLORENTINO RIOS, | ) | **DELIVERED**<br>_5_ / _10_ / _2023_<br>BY: _DLG_ PSC:_7l'l'_<br>ATX Process, LLC |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. 1:23-cv-00075 |
| SPACE EXPLORATION<br>TECHNOLOGIES CORP, JOHN DOE<br>COMPANY, AND JOHN DOE | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Space Exploration Technologies Corp.
c/o Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Richard A. Hinojosa
Charles M. Stam
Hinojosa Law, PLLC
3904 Brandt Street
Houston, TX 77006

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

Case 1:23-cv-00088   Document 1-3   Filed on 06/12/23 in TXSD   Page 20 of 35
EXHIBIT B
Case 1:23-cv-00075   Document 2   Filed on 05/09/23 in TXSD   Page 2 of 2

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:23-cv-00075

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*


                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

Case 1:23-cv-00088   Document 1-3   Filed on 06/12/23 in TXSD   Page 21 of 35
EXHIBIT B
Case 1:23-cv-00075   Document 1   Filed on 05/09/23 in TXSD   Page 1 of 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| FLORENTINO RIOS, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-cv-00075 |
| | § | |
| SPACE EXPLORATION | § | |
| TECHNOLOGIES CORP, JOHN DOE | § | |
| COMPANY, AND JOHN DOE | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Florentino Rios files his Original Complaint against Defendant Space Exploration Technologies Corp. along with John Doe Company and John Doe, and would respectfully show this Court and Jury as follows:

### I. PARTIES

1.     Plaintiff Florentino Rios is an individual who resides in Texas who may be reached through his counsel of record, Hinojosa Law PLLC.

2.     Defendant Space Exploration Technologies Corp. ("SpaceX") is a foreign corporation registered to do business in the State of Texas. This defendant may be served with service of process through its registered agent for service Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company located at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. *Plaintiff requests a citation.*

3.     Defendant John Doe Corporation owned the crane and employed Defendant John Doe to operate it,

Case 1:23-cv-00088   Document 1-3   Filed on 06/12/23 in TXSD   Page 22 of 35
EXHIBIT B
Case 1:23-cv-00075   Document 1   Filed on 05/09/23 in TXSD   Page 2 of 7

4.     Defendant John Doe is the crane operator who injured Plaintiff.

## II. <u>MISNOMER/ALTER EGO</u>

5.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## III. <u>JURISDICTION AND VENUE</u>

6.     This Court has jurisdiction over this matter based upon complete diversity of citizenship under 28 U.S.C. § 1332. Plaintiff is a citizen of Texas and Defendant is a foreign corporation with its primary place of business in California. This is a civil action, and the amount in controversy exceeds $75,000.000, exclusive of interest and costs.

7.     Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of Texas, Brownsville Division.

## IV. <u>FACTS</u>

8.     This case arises from the severe injuries Plaintiff sustained at SpaceX's facility in Brownsville, Texas. On or about June 30, 2021, Plaintiff was working in the course and scope of his employment with CCC Group, Inc., on a construction site owned, overseen, and controlled by SpaceX.

9.     While Plaintiff was assisting in the moving of a steel beam using a "come along" tool to hold the beam, John Doe, who was operating John Doe Corporation's crane, negligently and without warning caused the beam to move, which snapped and broke the tool.

10.    On information and belief, Defendants failed to implement or follow policies and procedures regarding safe execution of the work or crane safety.

2

Case 1:23-cv-00088   Document 1-3   Filed on 06/12/23 in TXSD   Page 23 of 35
EXHIBIT B
Case 1:23-cv-00075   Document 1   Filed on 05/09/23 in TXSD   Page 3 of 7

11.     The tool, which snapped and broke because of the crane operator's actions, struck

Plaintiff's face and eye.

12.     As a result of this incident, Plaintiff has lost his vision.

## V. **RESPONDEAT SUPERIOR**

13.     Plaintiff incorporates all other paragraphs by reference here fully.

14.     Whenever it is alleged that Defendant did or failed to do any particular act and/or

omission, it is meant that Defendant, acting individually, or by and through agents, officers,

directors, servants, and employees, either did or failed to do that particular act and/or omission,

in the course and scope of their employment, agency or contract with Defendant, and in

furtherance of Defendant's business. Any entity doing business under an assumed name may be

sued in its assumed name for the purpose of enforcing against it a substantive right.

15.     Therefore, under the doctrine of respondeat superior, Defendant is vicariously

liable for the acts and omissions of its agents, officers, directors, servants, and employees in the

course and scope of their employment.

## VI. **NEGLIGENCE**

16.     Plaintiff incorporates all other paragraphs by reference here fully.

17.     Plaintiff would show that Defendants had ownership and/or control over the

instrumentality and activity in question and thus had a duty to exercise the degree of care that a

reasonably careful person would use to avoid harm to others under circumstances similar to

those described here.

18.     Plaintiff's injuries were proximately caused by Defendants' negligent, careless

and reckless disregard of their duty.

19.     The negligent, careless, and reckless disregard and breach of this duty consisted

of, but is not limited to, the following acts and omissions:

Case 1:23-cv-00088    Document 1-3    Filed on 06/12/23 in TXSD    Page 24 of 35
EXHIBIT B
Case 1:23-cv-00075    Document 1    Filed on 05/09/23 in TXSD    Page 4 of 7

A.    failing to perform crane operations in a safe, reasonable, and prudent manner as a reasonable person would have under the same or similar circumstances;

B.    failing operate the crane in accordance with industry standards;

C.    failing to adequately warn of or make safe dangers or conditions of which Defendant had knew of or should have known;

D.    rushing operations in a manner that caused crane operations to proceed in an unsafe manner;

E.    failing to properly train, supervise, monitor, and retain employees;

F.    failing to implement and enforce policies and procedures;

G.    failing to follow policies, procedures, and guidelines for safe crane operations;

H.    injuring Plaintiff by an ongoing dangerous activity that was created by employees, agents and/or on-site representatives;

I.    failing to use ordinary care as a reasonable person would under the same or similar circumstances;

J.    failing to maintain and provide proper, safe equipment for safe rigging and lifting;

K.    failing to engage in a job safety analysis

L.    failing to maintain and provide a functioning communications system that permitted safe, effective communications between and among their employees and other crew on site; and

M.    such additional acts of negligence, which will be established as the case progresses.

## VII. **DAMAGES**

20.    As a direct and proximate result of the accident and negligence described above,

Plaintiff sustained the following injuries and damages:

A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of and such charges are reasonable and were usual

4

Case 1:23-cv-00088   Document 1-3   Filed on 06/12/23 in TXSD   Page 25 of 35
EXHIBIT B
Case 1:23-cv-00075   Document 1   Filed on 05/09/23 in TXSD   Page 5 of 7

and customary charges for such services;

B.   Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

E.   Physical impairment in the past;

F.   Physical impairment which, in all reasonable probability, will be suffered in the future;

G.   Mental anguish in the past;

H.   Mental anguish which, in all reasonable probability, will be suffered in the future;

I.   Loss of earnings and/or earning capacity in the past;

J.   Loss of earning capacity, which, in all probability, will be incurred in the future;

K.   Disfigurement in the past and future;

L.   Cost of medical monitoring and prevention in the future; and

M.   All other damages to which Plaintiff may be justly entitled and that may be shown through discovery and trial of this case.

## VIII. PREJUDGMENT AND POST-JUDGMENT INTEREST

18. In addition to the above mentioned and foregoing allegations, Plaintiff further pleads that he is entitled to prejudgment and post-judgment interest at the highest rate allowed by law.

## IX. COURT COSTS

19. Plaintiff further seeks recovery of the costs of court incurred in the filing and pendency of this action.

## X. PRESERVING EVIDENCE

20. Plaintiff hereby requests and demands that Defendant preserve and maintain all

5

Case 1:23-cv-00088   Document 1-3   Filed on 06/12/23 in TXSD   Page 26 of 35
EXHIBIT B
Case 1:23-cv-00075   Document 1   Filed on 05/09/23 in TXSD   Page 6 of 7

evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## XI. ALTERNATIVE PARAGRAPH NO. 1

23. In the alternative, Plaintiff would show that if any injury and/or condition from which he currently suffers was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## XII. ALTERNATIVE PARAGRAPH NO. 2

24. In the alternative, Plaintiff would show that if he suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## XIII. JURY DEMAND

25. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all issues so triable.

## PRAYER

For these reasons, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by

6

law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Court determines Plaintiff may be entitled at law or in equity.

Dated: May 9, 2023

Respectfully submitted,

*/s/ Charles M. Stam*
Richard A. Hinojosa
Federal Bar No. 1143270
Charles M. Stam
Federal Bar No. 3438775
HINOJOSA LAW PLLC
3904 Brandt Street
Houston, Texas 77006
Telephone: 713.884.1663
Fax: 713.422.2493
Email: richardhinojosa@hinojosalaw.com
Email: cstam@hinojosalaw.com
Email: e-service@hinojosalaw.com

**ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FLORENTINO RIOS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 1:23-cv-00075 |
| | § | |
| SPACE EXPLORATION | § | |
| TECHNOLOGIES CORP., JOHN DOE | § | |
| COMPANY, and JOHN DOE | § | |
| | § | |
| *Defendants.* | | |

## DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S DEFENSES, ANSWER, AND JURY DEMAND

Defendant Space Exploration Technologies Corp. ("SpaceX" or "Defendant") answers Plaintiff's complaint as follows:

### FIRST DEFENSE

1. Plaintiff fails to state a claim against SpaceX upon which relief can be granted.

### SECOND DEFENSE

2. Plaintiff's actions and negligence are a proximate cause of the occurrence which forms the basis of this lawsuit, Plaintiff's alleged harm, and Plaintiff's claimed damages.

### THIRD DEFENSE

3. A property owner is not liable for personal injury, death, or property damage to a contractor, subcontractor, or an employee of a contractor or subcontractor who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death, or property damage arising from the failure to provide a safe workplace. Texas Civil

ANSWER

4.     Subject to the foregoing defenses, Defendant answers Plaintiff's claims and allegations consistent with FED. R. CIV. P. 8(b), by which Defendant denies every claim and each factual allegation in Plaintiff's complaint except as expressly admit herein. Defendant reserves the right to amend this answer after sufficient discovery has been completed.

5.     Defendant lacks sufficient knowledge to form a belief regarding Plaintiff's residence; therefore, Defendant denies the allegations in ¶ 1 of Plaintiff's complaint.

6.     Defendant admits that it is incorporated in Delaware and is registered to do business in the State of Texas. Defendant admits that its registered agent for service in Texas is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 East 7th Street, Suite 620, Austin, Texas 78701-321. Defendant denies all other allegations in ¶ 2 of Plaintiff's complaint.

7.     Defendant lacks sufficient knowledge to form a belief regarding John Doe Corporation or John Doe; therefore, Defendant denies the allegations in ¶ 3 of Plaintiff's complaint.

8.     Defendant lacks sufficient knowledge to form a belief regarding John Doe Corporation or John Doe; therefore, Defendant denies the allegations in ¶ 4 of Plaintiff's complaint.

9.     Defendant denies all allegations in ¶ 5 of Plaintiff's complaint.

10.     This paragraph consists of a legal conclusion regarding venue, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in ¶ 6 of Plaintiff's complaint.

11.     Defendant denies the allegations in ¶ 7 of Plaintiff's complaint. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's injuries.

12.     Defendant denies the allegations in ¶ 8 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Plaintiff's alleged injuries.

13.     Defendant denies the allegations in ¶ 9 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

14.     Defendant denies the allegations in ¶ 10 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding any polices or procedures related to John Doe Corporation or John Doe.

15.     Defendant denies the allegations in ¶ 11 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding any alleged injuries caused by John Doe Corporation or John Doe.

EXHIBIT B

16.    Defendant denies the allegations in ¶ 12 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Plaintiff's alleged injuries.

17.    Defendant denies the allegations in ¶ 13 of Plaintiff's complaint. Defendant reasserts its answers to all other paragraphs by reference as if fully restated herein.

18.    This paragraph consists of legal conclusions, to which no response is required. Defendant denies the allegations in ¶ 14 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

19.    This paragraph consists of legal conclusions, to which no response is required. Defendant denies the allegations in ¶ 15 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

20.    Defendant reasserts its answers to all other paragraphs by reference as if fully restated herein.   Defendant denies the allegations in ¶ 16 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding the denied allegations as referenced herein.

21.    This paragraph consists of legal conclusions, to which no response is required. Defendant denies the allegations in ¶ 17 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff

claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

22.     This paragraph consists of legal conclusions, to which no response is required. Defendant denies the allegations in ¶ 18 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

23.     This paragraph consists of legal conclusions, to which no response is required. Defendant denies the allegations in ¶ 19, and each of sub-paragraphs A through M of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

24.     Defendant denies the allegations in ¶ 20 and each of sub-paragraphs A through M of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Plaintiff's alleged injuries.

25.     Defendant denies the allegations in the second ¶ 18 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Plaintiff's alleged injuries, thus Defendant denies Plaintiff is entitled to prejudgment and post-judgment interest.

26.     Defendant denies the allegations in the second ¶ 19 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the

allegations that Plaintiff claimed regarding Plaintiff's alleged injuries, thus Defendant denies Plaintiff is entitled to costs of court.

27.     Plaintiff's second ¶ 20 does not contain an allegation to which a response is required. Defendant denies the allegations in the second ¶ 20 of Plaintiff's complaint.

28.     Defendant denies the allegations in ¶ 23 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

29.     Defendant denies the allegations in ¶ 24 of Plaintiff's complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding Defendant's alleged relationship with John Doe Corporation or John Doe.

30.     Defendant denies the allegations in the Prayer of Plaintiff's complaint and denies that Plaintiff is entitled to any relief.

<div align="center">REQUEST FOR JURY TRIAL</div>

31.     Defendant asserts its right to a trial by jury on all issues in accordance with FED. R. CIV. P. 38.

EXHIBIT B

PRAYER

32.     Defendant prays each that judgment be rendered in Defendant's favor, either before

or at the conclusion of trial, that Plaintiff take nothing by reason of this suit, and that

Defendant recovers all costs of court and attorney's fees incurred in defending against

Plaintiff's claims, as well as other relief to which Defendant is justly entitled in law and

equity.

<div style="margin-left: 40%;">

Respectfully submitted,

By: _/ s / David A. Oubre_____
David A. Oubre
Attorney-In-Charge
Texas Bar No. 00784704
david.oubre@lewisbrisbois.com
Zach Carrabine
Texas Bar No. 24116169
zach.carrabine@lewisbrisbois.com

</div>

OF COUNSEL:
LEWIS BRISBOIS BISGAARD & SMITH, LLP

24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2023 a true and correct copy of the foregoing has been forwarded to the following counsel of record through and in accordance with the District's ECF service rules.

Richard A. Hinojosa
Charles Stam
Hinojosa Law PLLC
3904 Brandt Street
Houston, Texas 77006
*Attorneys for Plaintiff*

/ s / *David A. Oubre*
David A. Oubre